[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15533
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-21680-RSR

GIGLIO SUB S.N.C., an Italian General Partnership,
FRANCESCO ONIDA, an individual,

Plaintiffs-Appellants,

versus

CARNIVAL CORPORATION, a Florida foreign corporation
a.k.a. Carnival Cruise Lines,
CARNIVAL PLC,
COSTA CRUISE LINES, INC., a Florida corporation,
COSTA CROCIERE S.P.A. COMPANY,
JOHN DOES, et al.,

Defendants-Appellees.
_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 16, 2013)

Before CARNES, BARKETT, and COX, Circuit Judges.

PER CURIAM:

An Italian citizen and an Italian business, on behalf of other Italian citizens and businesses, filed suit in the Southern District of Florida for damages suffered in Italy as a result of an Italian cruise ship that ran aground off the coast of Italy. The district court dismissed the case on *forum non conveniens* grounds. After review, we affirm.

Giglio Sub S.N.C. and Franscesco Onida (collectively, the Plaintiffs) challenge on appeal the district court's dismissal of their case on *forum non conveniens* grounds. Specifically, the Plaintiffs contend that the district court erred by: (1) granting the Defendants' motion to dismiss; (2) denying the Plaintiffs' request to strike evidence in the Defendants' reply memorandum or, in the alternative, granting them leave to file a surreply; and (3) considering the Defendants' allegedly defective declarations.[1]

---

[1] The Plaintiffs further contend that the magistrate judge erred in granting the "Defendants' motion to limit Plaintiffs' requests for production of documents." (Appellants' Br. at 53.) But the magistrate judge never granted a motion to limit Plaintiffs' requests for production of documents. (*See* Dkt. 50 at 2 ("And any issues arising from requests for production or interrogatories shall be addressed by the Court in the normal course under Rule 37.").) The Plaintiffs also argue that the magistrate judge "improperly interfered with Plaintiffs' ability to depose James Hunn." (Appellants' Br. at 56.) We do not consider this argument because the Plaintiffs do not cite any authority to support it and raise it only in passing. *See Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1319 (11th Cir. 2012) ("A passing reference to an issue in a brief is not enough, and the failure to make arguments and cite authorities in support of an issue waives it.").

We review each of the challenged rulings under an abuse-of-discretion standard. *See Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1276 (11th Cir. 2008) (reviewing evidentiary rulings for an abuse of discretion); *Membreño v. Costa Crociere S.P.A.*, 425 F.3d 932, 935–36 (11th Cir. 2005) (reviewing a dismissal based on *forum non conveniens* for an abuse of discretion). The abuse-of-discretion standard of review is "extremely limited and highly deferential," *In re Clerici*, 481 F.3d 1324, 1331 (11th Cir. 2007), and we will affirm the district court's decision "unless we find that the district court has made a clear error of judgment, or has applied the wrong legal standard," *United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004) (en banc).

After reviewing the briefs and the district court's opinion, we conclude that the Plaintiffs have failed to demonstrate that the district court abused its discretion on any of the challenged rulings.

The court, in a thorough and well-reasoned order, carefully considered whether the case should be dismissed on *forum non conveniens* grounds. (Dkt. 73.) The court correctly concluded that Italy is an adequate and available forum, (*id.* at 14–24,) weighed the relative advantages and disadvantages of Italy and the United States, (*id.* at 25–40,) and balanced the relevant interest factors, (*id.*) The court did not, as the Plaintiffs argue, ignore important evidence or unreasonably

3

balance the public- and private-interest factors.  Nor did the court improperly place the burden of persuasion on the Plaintiffs.  The court required the Defendants to establish that Italy is the more convenient forum.  (*Id.* at 14.)  And it appropriately required the Plaintiffs to prove that substantial delay occurs in the Italian court system.  *See Leon v. Millon Air, Inc.*, 251 F.3d 1305, 1312 (11th Cir. 2001) (noting that the party challenging the alternate forum's legal system on the basis of delay or corruption must "substantiate[] his allegations of serious corruption or delay").

For these reasons, we find that the court did not abuse its discretion in granting the Defendants' motion to dismiss on *forum non conveniens* grounds.  *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257, 102 S. Ct. 252, 266 (1981) ("[W]here the court has considered all relevant public and private interest factors, and where its balancing of these factors is reasonable, its decision deserves substantial deference.").

In the same order, the court also addressed whether it should strike the Defendants' evidence in their reply motion, allow Plaintiffs to file a surreply, and consider the Defendants' allegedly defective declarations.  (Dkt. 73 at 3–13.)  Our review of the court's order reveals neither clear error of judgment nor application of the wrong legal standard.  We find no abuse of discretion.

AFFIRMED.